UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENARD DARNELL NEAL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HECTOR ALFONSO RIOS, JR..<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:11-cv-1393–-MJS (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, DENYING MOTION FOR RECONSIDERATION, DENYING MOTION FOR EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE, AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(ECF Nos. 18, 19, 21, 22)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY |

　　　Plaintiff Denard Darnell Neal ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on August 22, 2011, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 6.)

　　　The Court screened Plaintiff's Complaint on May 24, 2012, and found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint on or before June 25, 2012.  (ECF No. 17.)  In lieu of filing an amended complaint, Plaintiff filed a motion for reconsideration on the grounds that the Court exceeded its authority by dismissing his Complaint and ordering him to file an amended pleading.  (ECF No. 18.) After the deadline for filing an amended complaint passed without Plaintiff complying with the Court's order, the Court on July 3, 2012, ordered Plaintiff to show cause by July 20,

1 2012 why his action should not be dismissed. (ECF No. 19.) On August 6, 2012, Plaintiff
2 filed a motion for an extension of time to respond to the order (ECF No. 21) and on August
3 9, 2012, Plaintiff filed a response to the order to show cause (ECF No. 22). Plaintiff's
4 various motions are now before the Court.

5 **I.        MOTION FOR RECONSIDERATION**

6       Plaintiff requests that the Court reconsider its screening order in which it dismissed
7 Plaintiff's Complaint with leave to amend for failure to state a claim. (ECF Nos. 17 & 18.)
8 Plaintiff objects to the screening order on the grounds that the Court is practicing law
9 contrary to 28 U.S.C. § 454 (statute prohibiting judges from practicing law), the Court
10 asserted defenses on behalf of Defendants, and the Court abused its authority by requiring
11 Plaintiff to further amend his Complaint, among other arguments. (ECF No. 18 at 4, 6, 7.)
12 Plaintiff asks that the Court order service on Defendants or enter a default judgment
13 against Defendants. (Id. at 8.)

14       "A motion for reconsideration should not be granted, absent highly unusual
15 circumstances, unless the . . . court is presented with newly discovered evidence,
16 committed clear error, or if there is an intervening change in the controlling law," Marlyn
17 Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)
18 (internal quotations marks and citations omitted), and "[a] party seeking reconsideration
19 must show more than a disagreement with the Court 's decision, and recapitulation . . . "
20 of that which was already considered by the Court in rendering its decision. U.S. v.
21 Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

22       Plaintiff has failed to meet this standard. Plaintiff does not cite to any newly
23 discovered evidence or establish that the Court committed a clear error in its screening
24 order. Nor does Plaintiff show that there was a change in the law that permits courts to
25 screen actions brought pursuant to 28 U.S.C. § 1915A(a) by prisoners seeking relief
26 against governmental entities or officers or employees of governmental entities. It appears
27 that Plaintiff simply disagrees with the Court's screening order.

28       Plaintiff's motion for reconsideration will be denied.

## II. ORDER TO SHOW CAUSE

The Court screened Plaintiff's Complaint on May 24, 2012, and found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint on or before June 25, 2012. (ECF No. 17.) After this deadline passed without Plaintiff complying with the Court's order, the Court on July 3, 2012, ordered Plaintiff to show cause by July 20, 2012 as to why this action should not be dismissed. (ECF No. 19.) On August 6, 2012, Plaintiff filed a motion for an extension of time to respond to the order (ECF No. 21) and on August 9, 2012, Plaintiff filed a response to the order to show cause (ECF No. 22).

Plaintiff's request for an extension of time to respond to the order to show cause is moot because Plaintiff has since filed a response. Although untimely, the Court has considered the merits of Plaintiff's response and, based on Plaintiff's representations therein, will exercise leniency and discharge the order to show cause. However, Plaintiff will still be required to file an amended complaint in order to continue with this action.

## III. CONCLUSION AND ORDER

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 18) is DENIED;
2. Plaintiff's motion for an extension of time to respond to the order to show cause (ECF No. 21) is DENIED as moot;
3. The order to show cause, filed July 3, 2012, is DISCHARGED;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   August 26, 2012             /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE