UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENARD DARNELL NEAL, | CASE No. 1:11-cv-01393-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| HECTOR ALFONSO RIOS, | (ECF No. 17) |
| Defendant. | CLERK SHALL CLOSE CASE |
| _____ / | |

Plaintiff Denard Darnell Neal ("Plaintiff"), a federal prisoner, is proceeding pro se and in forma pauperis in this action. Plaintiff filed this civil action on August 22, 2011, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 6.)

The Court screened Plaintiff's Complaint on May 24, 2012, found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint on or before June 25, 2012. (ECF Nos. 1 & 17.) June 25, 2012, passed without Plaintiff having filed an amended complaint or a request for an extension of time to do so.

The Court issued an order to show cause on July 3, 2012, directing Plaintiff to file an amended complaint or show cause why his case should not be dismissed for failure to comply with a court order and failure to state a claim. (ECF No. 19.) Plaintiff was to respond to the order to show cause by July 20, 2012. (Id.) Plaintiff filed a late response

1 on August 9, 2012 (ECF No. 22) and the court discharged the order to show cause (ECF
2 No. 23). Plaintiff was directed to file an amended complaint by September 26, 2012. (ECF
3 No. 23.) Plaintiff was transferred to various prisons and ultimately filed a motion for an
4 extension of time in which to file an amended complaint. (ECF No. 26.) The Court granted
5 Plaintiff's motion and he was to file an amended complaint by December 20, 2012. (ECF
6 No. 27.) December 20, 2012 has passed and Plaintiff has once again failed to file an
7 amended complaint or anything else with the Court by the re-extended deadline.

8       Local Rule 110 provides that "failure of counsel or of a party to comply with these
9 Rules or with any order of the Court may be grounds for imposition by the Court of any and
10 all sanctions . . . within the inherent power of the Court." District courts have the inherent
11 power to control their dockets and "in the exercise of that power, they may impose
12 sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing
13 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's
14 failure to prosecute an action, failure to obey a court order, or failure to comply with local
15 rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
16 noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
17 (dismissal for failure to comply with an order requiring amendment of complaint);
18 Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
19 prosecution and failure to comply with local rules). The Court's screening order expressly
20 stated: "If Plaintiff fails to file an amended complaint in compliance with this order, this
21 action will be dismissed, with prejudice, for failure to state a claim." (ECF No. 17.) Thus
22 Plaintiff had adequate warning that dismissal would result from his noncompliance with the
23 Court's order. The Court also gave Plaintiff numerous additional opportunities to file an
24 amended complaint, and as of this date, Plaintiff has failed to take advantage of any of the
25 additional opportunities he was given.
26 ///
27 ///
28 ///

Based on the foregoing, the Court ORDERS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim and that this dismissal count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   February 26, 2013           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE